Smith, J.
Some mouths ago this case was presented to us, and as then advised on the statement of the law and facts made in the opinion of the trial judge, as reported in the 1 Nisi Prius Reports, 14(>, we were of the opinion that there was no error in this record and proceedings prejudicial to the plaintiffs in error, and directed that the judgment be affirmed. But for the grounds alleged by counsel for the plaintiffs in error, and for reasons satisfactory to our minds, we consented that the case be re-argued, and tins lias been done fully. And having given it pretty careful consideration, we announce our conclusions very briefly.
The record is exceedingly voluminous — the bill of exceptions covering hundreds of pages, and showing the proceedings in the probate court, in the matter of the assignment made by plaintiffs in error, March 8, 1878, to D. W. Strickland, for the benefit of their creditors; and the deed then executed conveyed certain real estate owned by them, *634 and it was then filed in the probate court, and thereupon the defendants gave bond with said assignee for the faithful performance of his duties as said assignee. Afterwards, on September 2, 1878, the same grantors executed and delivered to the same assignee, and on the same trusts, another deed,thereby conveying to him certain other real estate, and on December 3, 1878, the same grantors executed and delivered to the same person, Mr. Strickland, a third deed, thereby conveying to him certain other tracts of land upon the same trusts. Both of these deeds were also filed by the assignee in the probate court, but, strange to say,no action was taken by the court requiring the assignee to give bond for the faithful performance of those two trusts, or either of them, and from that time forward, the matter seems to have been dealt with in the probate court as if there was a single trust being administered and orders were made at different times for'' the sale of the real estate conveyed by the several deeds, as if all of them had been assigned at the same time, and in many other respects the business, so far as the proceedings in the court were concerned, was managed and conducted in an irregular and exceedingly unsatisfactory manner, and in the end an account was filed by the assignee of the estate as to which he had qualified and given bond, with the defendants in error in this case as his sureties, in which it would appear that the assignee purported to charge himself with all the money received by him as the proceeds of real estate conveyed to him by these three several deeds, and to credit himself with all payments made by him from said proceeds. To this account exceptions were filed by the assignors, and the questions in issue were successively tried by two separate referees to whom they had been referred for trial, and. reports were made, and exceptions filed thereto, and heard ■- by the court, and the result was, that on the 8th day of August, 1889, the probate court in which the matter was then pending, and which had full, and in the first instance,- ex- *635 elusive jurisdiction of the matter, rendered its judgment as to such exceptions and as to the account of said assignee, and it was thereby found, “that there is now in the hands of Dudley W. Strickland, assignee, of the funds of said trust,” (that is, in case No. 1077 in said court, being the number under which the original assignment was docketed, and in which the bond had been given by Strickland and the defendants in error,) “the sum of seven thousand four hundred and sixty-five dollars 38-100. It is hereby ordered and adjudged that Dudley W. Strickland, assignee, pay to the assignors the sum of $7,465.38, with interest from the date of this decree, and that lie pay the costs herein taxed at $: — .”
This order, though the reversal of it was sought, in another proceeding was finally affirmed, and is now in full force and effect.
The question presented to us in this case arises in this way: Strickland having failed to comply with the order of the probate court, above recited, an action was brought in the Superior Court against the defendants in error on the bond given by them and Strickland in March, 1878, to recover the amount found by the judgment of the probate court to be in the hands of the assignee due to the assignors. Issues were raised in that court by the pleadings, and at the trial,the court, (a jury having been waived),found in favor of the defendants. A motion for a new trial having been overruled, a bill of exceptions, containing all the evidence heard, was allowed, and the plaintiffs seek the reversal of that judgment for errors of law occurring at the trial, and' that the court erred in overruling the motion for a new trial based on the ground that the judgment was against the law and the evidence, and the latter is the principal error relied upon.
It is insisted, however, that the trial court erred in requiring the plaintiffs in error, at the trial below, to do mor.e than produce in evidence a certified copy of the judgment rendered, and in requiring them to offer in addition *636 thereto a substantial copy of the whole record and proceedings in the probate court. We are inclined to the opinion that the action complained of was not erroneous —that so much' of the record at least, as was necessary to show that the probate court had jurisdiction of the subject matter and of the parties, and of its authority to render the judgment itself,should have been produced. Whether much of the evidence, which was under this ruling introduced by the plaintiffs, was necessary or proper, may bo questioned; but whether it was or not, it was introduced by them, and they cannot complain of what they did voluntarily. They might have stood upon what they esteemed their rights, and have refused to offer any more than that which they deemed proper, and if the court,on their failure to introduce evidence deemed by it essential,had dismissed their action on this ground,they could then have availed themselves of their legal rights, and sought the reversal of the judgment upon this ground. But this course was not taken, and the evidence required was offered.
Was the judgment rendered for the defendants below against the law and the evidence?
As we understand it, the decision of the trial court was based upon these grounds: 1st. That it appeared from the evidence that the assignors had consented that there should be a union of three trusts, and that such union has made it impossible to determine to what extent, if any, there is a de ■ ficiency in the first trust; and as the defendants had only bound themselves for the proper management of that trust by the assignee, that there could be no recovery in the case for any sum.
That there had been any such consent by the assignors the plaintiffs in error deny, and it is earnestly claimed on their behalf, that such conclusion is not warranted by the evidence in the case.
The only record evidence tending to show any action of *637 the probate court consolidating these three separate trusts is that of November 11, 1879. It was to this effect: "It appearing to the court that the additional assignments to Dudley W. Strickland, assignee herein, bearing date September 24, 1878, and December 3, 1878, respectively, having by mistake and iuadvertance not been entered upon the docket of this court, the same not being endorsed or marked filed at their respective dates, although at that time in each case having been delivered to said assignee, and by him accepted and duly filed in this court-, and placed with the papers in these causes. It is now ordered that said original assignments be entered upon the docket of this court as of said dates respectively, and endorsed as then filed." This has simply the endorsement of Judge Matspn, then probate judge, ordering it to be entered. But it would seem from the evidence that it was entered at the, request of counsel, who then represented both the assignors and the assignee. But we do not think that the legal effect of this was to authorize the three trusts to be dealt with by the assignee as one, or that the assignors, consented to the mingling of the three separate trusts into one. It is true that what was subsequently done in the conduct of the business by the assignee, and particularly of the filing by the assignee of the account wherein as we understand, the funds realized from the sales of all the lands sold, which had beeu conveyed to him by the three deeds, were, charged in one account, and so of the payments credited for all of them, would naturally lead to the conclusion that the assignors knew, or their counsel at least, knew that such was the case, and no objections seem to have been made thereto or otherwise as appears.
But there is one other ground upon which it seems to us that the judgment of the Superior Court was against the law and the evidence. It is clearly shown by the evidence submitted that on the filing in the probate court of an account by Strickland, as assignee, of his account of this par *638 ticular trust, (that is,under the deed of March 8, 1878, the only one in which he ever qualified as assignee) a hearing was had, and the court finally adjudged that he was indebted to the estate ixx the sum of $7,465.38. That judgment stands. If it included money received by him from other sources which he was not bound to account for, that was a matter to be decided by that court. Presumably if this had been made to appear, it would have beexx stricken from the accouxxt, and how are we to know,that in fact this was not done? We have none of the evidence on which the court acted, arxd it must be presumed that its action was right. We do not understand how ixx aix action brought xxpoxx the bond, this judgmexxt of the probate court, ixx a case in which it confessedly had jurisdiction, caxi be reviewed or held as a nullity, when there is no claim that it was procured by fraud or collusion. We think that this is clearly held in the case of Walsh v. Miller, decided by the Supreme Court, June 19, 1894, reported in the 32 Law Bull. 321.
J. J. Glidden, for piaiixtiffs in error.
J. D. Brannan, of Healy & Brannan, for defendaxxts in error.
We are of the opinion that the trial court erred in refusing to grant a new trial oxx the ground that the fiixding was against the law and the evidence, and the judgment will be reversed, with costs, and a new trial awarded.